UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDY CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV2027SNLJ |
| ) | |
| MATTHEWS INT'L CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed this two-count age discrimination lawsuit pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.*, and the Missouri Human Rights Act, §213.010 *et. seq.* R.S.Mo. Essentially, plaintiff alleges that he, along with others of like or similar age, were routinely denied job-related training whereas younger employees were provided said training; and that he was ultimately terminated from his job (in the Art Dept. at defendant's St. Louis facility during a January 31, 2007 RIF[1]) because he lacked the training that had been denied to him and others in his same or similar age group. He also alleges that his supervisor, Randy Peek, made derogatory age-related comments to him. This matter is before the Court on the defendant's motion to compel (#14), filed September 26, 2008. Responsive pleadings have now all been filed and the matter is ready for disposition.

The Court has carefully reviewed the disputed discovery and responses. In general, plaintiff has objected to answering or producing documents for the following reasons: 1) defendant already retains or maintains the requested information; 2) requested information or documents are privileged; 3) interrogatories are "vague, overbroad, and overburdensome"; 4)

---

[1]reduction-in-force

plaintiff is not required to signed releases or authorizations pertaining to employment, medical care, or workers' compensation claim(s); and 5) documents sought are "legal conclusions" and may be privileged. Defendant contends that all information and documents sought are relevant to the claims and damages sought by the plaintiff. It further contends that any objections made on the basis of attorney-client or work-product privileges should be overruled because plaintiff has failed to comply with Rule 26 by not identifying such documents and providing a privilege log.

Plaintiff's claim is that he, and others within a similar age group, were denied job training whereas younger employees were provided such training. He further contends that he was terminated because he lacked the subject training that had been denied to him (on the basis of age). Thus, any information or documents pertaining to the subject training, similarly-age employees denied such training, younger employees given the subject training, and circumstances surrounding his employment termination are relevant to the issues raised in this lawsuit. Furthermore, plaintiff seeks emotional distress damages; i.e., "compensatory damages for his mental anguish, pain and suffering . . .". This puts his medical and psychological status at issue. Whether or not he must put on evidence of medical or psychological treatment in order to prove his damages is irrelevant in terms of discovery. Defendant is entitled to know what, if any treatment, plaintiff has received, within a reasonable time-period, before and after his termination in order to defend as to this particular claim for damages. Furthermore, plaintiff is not entitled to simply announce that certain information and/or documents are privileged without identifying such information and/or documents and explaining as to why any particular information and/or document is so privileged. Rule 26 (b)(5)(A) Federal Rules of Civil Procedure explicitly provides for the proper manner in which a party withholding information may advance a claim that such material is priviledged. Finally, as to releases or authorizations, defendant is entitled to certain

medical and employment information given the nature of this lawsuit and has the right to seek such information via releases. Plaintiff cannot file this lawsuit making a number of claims against defendant, seeking a multitude of damages, then hide behind a "privacy curtain" prejudicing the defendant's ability to defend itself. The federal rules have been amended over the years to open up doors to discovery and provide access to all information relevant to the litigation, as long as not privileged.

With these precepts in mind, the Court overrules the plaintiff's objections and makes the following determinations:

1) **Interrogatory Nos. 2(a), 3(a)-(f), 4(a)-(f), 5(a), 5(b), 5(d), 5(e), 6(c), 7(a)-(d), and Requests for Production Nos. 36 and 39.** Plaintiff is to answer this discovery by indicating which, if any of the requested discovery, he has in his possession responsive to said discovery requests. Further, if plaintiff does not possess information or documents responsive to said discovery, plaintiff shall so clearly indicate.

2) **Interrogatory Nos. 3(d), 3(f), 3(h), 4(f), 6(c) and 13(c).** If plaintiff has in his possession information responsive to this discovery but believes such information is privileged, then he shall comply with Rule 26(b)(5(A) Fed.R.Civ.P., in identifying and describing such information by providing a privilege log with respect to such information or shall tender such information pursuant to a mutually agreed upon protective order.

3) **Interrogatory Nos. 9, 15(b), and 16(h).** Plaintiff shall complete each employment authorizations as to employers plaintiff already named in his previous answers to this discovery.

4) **Interrogatory Nos. 12(c), 16(b), 16(c), 16(d), 16(g), 17(d), and Request for Production No. 46.** Plaintiff shall fully and completely answer these interrogatories and provide all documents responsive to said discovery.

3

5) **Requests for Production Nos. 29, 30, 31, and 32.** Plaintiff shall produce all documents responsive to said discovery. Plaintiff shall provide a privilege log with respect to any documents he withholds on the basis of attorney-client and/or work-product privileges.

6) **Request for Production No. 44**. Plaintiff shall provide any and all medical records and medical bills for any treatment plaintiff received from any health care provider or facility for the period of January 1, 2003 to the present.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel (#14) be and is **GRANTED** as set forth above. Plaintiff shall comply with this order and respond to outstanding discovery on or before March 6, 2009. Failure to comply with this Court's order risks the imposition of sanctions, including dismissal of this cause of action.

Dated this ___19th___ day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE