UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDY CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:07CV2027SNLJ |
| MATTHEWS INT'L CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion to alter and amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [66], filed November 6, 2009. Responsive pleadings have now all been filed and the matter is ripe for disposition.

Plaintiff seeks to amend the Court's order granting summary judgment to defendant because he believes the Court incorrectly applied a statistical analysis when reviewing plaintiff's disparate impact claim. He contends that the Court mistakenly excluded an employee (James Runge) in the statistical analysis; and because of Mr. Runge's exclusion, other employees should have also been excluded from the analysis. Plaintiff proffers a different statistical analysis which he believes the Court should now use in denying the defendant's summary judgment motion.

A district court has broad discretion in deciding whether to grant or deny a motion under Rule 59(e). United States v. Metropolitan St. Louis Sewer District (MSD), 440 F.3d. 903, 933 (8th Cir. 2006) *citing* Innovative Home Health Care, Inc. v. P.T.O.T. Assoc. of the Black Hills, 141 F.3d. 1284, 86 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative, at 1286 (internal quotations and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." U.S. v. MSD, 440 F.3d. at 933. Simply put, Rule 59(e) motions are not the proper manner by which to present new legal theories or argument(s) post-judgment. Capitol Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d. 831, 834 (8th Cir. 2004).

In the present case, plaintiff appears to base his Rule 59(e) motion upon a footnote in the Court's Memorandum (attached to the Order granting defendant's summary judgment motion) [64], filed October 30, 2009. He contends that the Court's footnote #4 (page 11of the subject Memorandum) shows that the Court "intentionally did not include a Matthews employee who was terminated on the same day [as plaintiff]" and that this alleged exclusion significantly negated the plaintiff's statistical evidence and analysis. He further contends that the Court's final analysis included employees outside the Art Department which plaintiff argues was improper. Finally, plaintiff offers a new alternative statistical analysis for the Court's consideration.

The Court has carefully reviewed the instant motion and all responsive pleadings, as well as the Court's Order and Memorandum [63 and 64], and finds that the motion is meritless.

The Court did not "intentionally" exclude Mr. Runge in its review and analysis. The sole reason for Footnote 4 was to note that unlike the other employees listed, Mr. Runge's job title was unclear as to whether he was considered a member of the Art Department specifically, or simply was a member of the Graphics Division (which included employees of the Art Department). Furthermore, this Court included Mr. Runge in its final review of the statistical evidence provided by the parties since it found that Art Department employees were not the only

employees subject to the 2007 RIF; that other employees outside the Art Department were also subject to the 2007 RIF and should have been considered in connection with the disparate impact claim. Thus, regardless of whether Mr. Runge was specifically identified as an Art Department employee or was an employee in the Graphics Division ( but not necessarily a member of the Art Department), he was subject to the 2007 RIF and was considered by the Court.

Furthermore, plaintiff's proposed alternative statistical analysis is not based upon "newly discovered evidence". Plaintiff now proposes a statistical analysis based upon an "under 40/over 40" breakdown. This is in direct response to the Court's Memorandum wherein it was clearly noted that plaintiff had improperly based his statistical analysis on an impermissible subgroup of "employees over the age of 45". *See*, Court Memorandum [64], pg. 20. Plaintiff is attempting to present a new statistical argument post-judgment which is not proper under Rule 59(e).

Finally, irrespective of the alleged statistical analysis error, the Court had initially rejected the disparate impact claim on the basis that plaintiff had failed to set forth a *prima facie* case due to his failure to identify a specific age discrimination policy, test, requirement or practice. Moreover, the Court's alleged statistical error is not a "manifest error of fact" because the Court had found that the document upon which the plaintiff exclusively relied upon for his disparate impact claim was inadmissible in the first place. The fact still remains that plaintiff failed to provide statistical evidence of the kind and degree "sufficient to show that the practice in question caused" the plaintiff to suffer an adverse employment action (based upon his age).

Plaintiff has failed to meet the requirements of Rule 59(e). There is no "manifest error of law or fact" and there is no "newly discovered evidence". Rule 59(e) is not to be used by a party to correct pleading and/or evidentiary defects and seek a review of new legal theories or

argument(s) post-judgment. The Court stands by its order of October 30, 2009 granting summary judgment to the defendant.

Dated this 23rd day of December, 2009.

_____
UNITED STATES DISTRICT JUDGE