IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDDY CLARK                          )
      Plaintiff,                   )
        v.                      )     Case No. 4:07-cv-02027-SNL
                                    )
MATTHEWS INTERNATIONAL              )
CORPORATION,                        )
      Defendant.                   )
                                    )

**PROPOSED JURY INSTRUCTIONS, VERDICT FORM
AND VOIR DIRE STATEMENT**

Comes now Plaintiff Eddy Clark and submits the attached Proposed Jury

Instructions, Verdict Form and Voir Dire Statement.

Respectfully Submitted by,

Kaplan Associates, LLC

/s/ Joshua Avigad

Lawrence P. Kaplan, #3517
Joshua M. Avigad, #81713
101 S. Hanley Road, Suite 1225
St. Louis, MO 63105
(314) 863-2929 (Telephone
(314) 863-9777 (Facsimile)

Attorneys for Plaintiffs
Eddy Clark

1

## PLAINTIFF'S PROPOSED INSTRUCTION 1

## 1.01 GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff against defendant. The plaintiff alleges that the defendant used his age as a contributing factor in its decision to permanently lay him off and force him to retire. The defendant denies that allegation. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

8th Circuit Model Instructions 1.01

## PLAINTIFF'S PROPOSED INSTRUCTION 2
### 1.02 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence.' "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; [and any facts that have been judicially noticed - that is facts which say you must accept as true.]'

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, [unless I specifically tell you otherwise during the trial].

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular

4

purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.]

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

8th Circuit Model Instructions 1.02

## **PLAINTIFF'S PROPOSED INSTRUCTION 3**

### **1.03 BENCH CONFERENCES AND RECESSES**

During the trial it maybe necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

8th Circuit Model Instructions 1.03

## PLAINTIFF'S PROPOSED INSTRUCTION 4
## 1.04 NO TRANSCRIPT AVAILABLE [NOTE-TAKING]

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.] The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them

[When you leave at night, your notes will be secured and not read by anyone.]

8th Circuit Model Instructions 1.04

## PLAINTIFF'S PROPOSED INSTRUCTION 5
## 1.05 CONDUCT OF THE JURY

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of thy with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even Wit is simply to pass the time of day- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hail, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

8

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media].

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Eighth,* cell phones are not permitted in the jury room during deliberation.

8th Circuit Model Instructions 1.05

## PLAINTIFF'S PROPOSED INSTRUCTION 6

### 1.06 OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiffs will then present evidence and counsel for defendant may cross-examine. Following the plaintiff's case, the defendant may present evidence and plaintiffs counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

8th Circuit Model Instructions 1.06

10

## PLAINTIFF'S PROPOSED INSTRUCTION 7

We are about to take a recess and I remind you of the instruction I gave you earlier.

During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let the deputy clerk or other court personnel know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**Eighth Circuit Instruction 2.01**

## PLAINTIFF'S PROPOSED INSTRUCTION 8

The plaintiff and the defendant have stipulated -- that is, they have agreed - that certain facts are as counsel has just stated. You should, therefore, treat those facts as having been proved.

**Eighth Circuit Instruction 2.03**

## PLAINTIFF'S PROPOSED INSTRUCTION 9

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, <u>all</u> instructions, whenever given and whether in writing or not, must be followed.

**Eighth Circuit Instruction 3.01**

13

## PLAINTIFF'S PROPOSED INSTRUCTION 10

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

[During the trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.]

**Eighth Circuit Instruction** 3.02 [Remove if judge does not ask questions].

14

## PLAINTIFF'S PROPOSED INSTRUCTION 11

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**Eighth Circuit Instruction 3.03**

15

## PLAINTIFF'S PROPOSED INSTRUCTION 12

In these instructions you are told that your verdict depends on whether you find certain facts to have been proved. In order to find that a fact has been proved, you must find that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, you cannot decide whether a fact is more likely true than not true, you cannot find that it has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.


**Eighth Circuit Instruction 3.04**

## PLAINTIFF'S PROPOSED INSTRUCTION 13

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First,* when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of facts. Your sole interest is to seek the truth from the evidence in the case.

*Third,* if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or

more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth,* your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally,* the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused form in with you.

**Eighth Circuit Instruction 3.06**

## PLAINTIFF'S PROPOSED INSTRUCTION 14

Your verdict must be for plaintiff if you believe:

First, defendant permanently laid off the plaintiff, and

Second, age was a contributing factor in such permanent layoff, and

Third, as a direct result of such conduct, plaintiff sustained damage.


**Missouri Approved Jury Instruction 31.24, Verdict Directing -**

**Employment discrimination - Missouri Human Rights Act, 2005**

## PLAINTIFF'S PROPOSED INSTRUCTION 15

Your verdict must be for defendant if you believe:

First, defendant permanently laid off the plaintiff, and

Second, in so doing plaintiff's age was not a contributing factor in the selection of plaintiff to be a part of the permanent lay-off.

**MAI 31.25 Approved March 7, 2005; Effective July 1, 2005)**

**(Approved March 7, 2005; Effective July 1, 2005)**

20

## PLAINTIFF'S PROPOSED INSTRUCTION 16

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of the occurrences mentioned in the evidence.

**Missouri Approved Jury Instruction 4.01, Damages - Personal and Property.**

## **PLAINTIFF'S PROPOSED INSTRUCTION 17**

If you find the issues in favor of plaintiff, and if you believe the conduct of defendant as submitted in Instruction 14 was outrageous because of defendant's evil motive or reckless indifference to the rights of others, then in addition to any damage to which you find plaintiff entitled under Instruction Number 14, you may award the plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter defendant and others from like conduct.


**Missouri Approved Jury Instruction 10.01, Damages - Exemplary - Outrageous Conduct – Intentional Torts.**

*Williams v. Trans States Airlines, Inc"* 281 S.W.3d 854, 870 (Mo. App. Ct. E.D. 2009),

*Alhalabi v. Mo. Dept.  of Natural Resources,* 300 S.W.3d 518 (Mo. App. Ct. E.D. 2009).

22

**VERDICT A**

Note:        Complete the following paragraph by writing in the name required by your
             verdict.

On the age discrimination claim of plaintiff Eddy Clark, as submitted in

Instruction 14, we find in favor of:

_____

(Plaintiff Eddy Clark)          or              (Defendant Matthews International Corp.)

We find the plaintiff's lost wages and benefits through the date of this verdict to

be:

$_____ (Stating the amount or, if none, write the word "none")

We find the plaintiff's other damages, excluding past and future lost wages and

benefits to be:

$_____ (stating the amount, or if you find that the plaintiffs damages do not

have a monetary value, write in the nominal amount of One Dollar [$1.00].

We assess punitive damages against the defendant, as submitted in Instruction 16,

as follows:

$_____ (stating the amount or, if none, write the word "none").


_____          _____
Foreperson                                Dated

**Modified Eighth Circuit Instruction 5.03 Title VII - Verdict Form**

23

## PROPOSED VOIR DIRE STATEMENT

The Plaintiff Ed Clark ("Clark") is a 62 year old electronic graphics artist who brought a suit against Matthews International Corporation ("Matthews"), under a statute known as the Missouri Human Rights Act concerning his termination. Matthews is a Pennsylvania corporation with offices in many states. It does printing and primary packaging nationwide, and operates a section of its Graphics Arts Division in St. Louis.

Clark was terminated by Matthews on January 31, 2007 when Clark was 57 years old. Clark worked for Matthews in St. Louis since May 18, 1992 as an artist. His job was to prepare clients' "artwork" through the aid of a computer for printing on cardboard packaging. Clark alleges that at the time of his termination, his age was a contributing factor to Matthews' decision to terminate him.

Matthews International Corporation contends that Clark's age was not a contributing factor in its decision to terminate Clark.

24

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2011, the foregoing was filed electronically with the Clerk of Court to be served on all parties by operation of the Court's electronic filing system.

/s/ Joshua Avigad